884 So.2d 787 (2004)
Roger JOHNSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00092-COA.
Court of Appeals of Mississippi.
May 11, 2004.
Rehearing Denied August 3, 2004.
Certiorari Denied October 14, 2004.
*788 Dan W. Duggan, Brandon, attorney for
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
LEE, J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Melvin York cleans lots and houses in Jackson for banks and realty companies. On October 22, 2001, York and his son were cleaning a house on Wainwright Street in Jackson. According to York, while they were cleaning the house, he was approached by a man who asked for a cigarette. When York responded that he did not have a cigarette, the man produced a gun and thrust it into York's side. The man demanded money, and York complied by turning over his wallet, The assailant searched the wallet and removed a twenty dollar bill. The man ran away, and York called the police.
¶ 2. The police arrived, and York described his assailant as a black man about thirty years old, who wore braided hair, a dark shirt, and dark pants, and carried a green and white scarf. Within thirty minutes, the police returned to the scene with Roger Johnson, who fit the description York had given the police. York immediately identified Johnson as the robber. York subsequently identified Johnson from a photographic lineup, and York identified Johnson in court.
*789 ¶ 3. Johnson was convicted of armed robbery in the Hinds County Circuit Court on October 22, 2002. He moved for a new trial and a JNOV; however, both motions were denied. Aggrieved, Johnson has filed this appeal, arguing that the on-the-scene identification violated Johnson' due process rights and prevented him from receiving a fair trial.

STANDARD OF REVIEW
¶ 4. The standard of review for suppression hearings on matters of pretrial identification is "whether or not substantial credible evidence supports the trial court's findings that, considering the totality of the circumstances, in-court identification testimony was not impressibly tainted." Gray v. State, 728 So.2d 36 (¶ 159) (Miss.1998). On review, an appellate court should reverse a lower court's decision only where there is no credible evidence to support the ruling. Id.; Ray v. State, 503 So.2d 22.2, 224 (Miss.1986); see also Jackson v. State, 807 So.211 467 (Miss.Ct.App.2001).
¶ 5. Although a one-person show up at the scene of a crime within a few hours of the commission of the crime is inherently suggestive, the United States Supreme Court has determined that the "admission of evidence of a show-up without more does not violate due process." Neil v. Biggers, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Additionally, our supreme court has determined that a show-up in which the accused is brought by an officer to the eyewitness is impermissibly suggestive when there is no necessity for doing so. York v. State, 413 So.2d 1372, 1383 (Miss.1982) (citing Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). However, the fact that an identification is impermissibly suggestive does not automatically preclude its admission into evidence. The likelihood Of misidentification is what violates a defendant's right to due process. Id. at 1381. Even when an identification is impermissibly suggestive, the court is to consider the totality of the circumstances, and if the identification reasonably appears to be reliable despite the suggestive nature of the identification procedures utilized, the identification may be admitted. Biggers, 409 U.S. at 199, 93 S.Ct. 375.
¶ 6. The Biggers decision lists five factors to be weighed in determining whether the likelihood of misidentification is so great as to violate the suspect's due process rights. Id. The court is to consider: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description, (4) the level of certainty; and (5) the length of time between the crime and the confrontation. Id. The Biggers decision and its "totality of the circumstances test" has been adopted by our supreme court as the standard for determining the admissibility of an impermissibly suggestive pre-trial show-up. York, 413 So.2d at 1383.
¶ 7. After weighing the factors outlined in Biggers and York, this Court finds that the trial court did not err in admitting the pre-trial identification. Based upon the record there was substantial credible evidence supporting the trial court's finding that, after painstakingly weighing the factors outlined in Biggers and York, the pre-trial identification was sufficiently reliable, and therefore did not violate Johnson's due process rights.

ANALYSIS

1. The witness's opportunity to view the criminal at the time of the crime.
¶ 8. In the case before us, York had the opportunity to view Johnson two or *790 three times before the armed robbery occurred. York testified that Johnson passed by the work site a few times before approaching him for a cigarette. York also testified that when Johnson approached him, Johnson faced York directly and requested the cigarette. Additionally, York testified that Johnson ransacked his wallet while York held it out to him. Clearly York had ample opportunity to view Johnson both as he canvassed his victim and as he robbed him.

2. The witness's degree of attention.
¶ 9. York testified that he was indeed paying attention before, during, and after the robbery. York saw Johnson as he walked by the work site; York observed Johnson during the robbery; and York observed Johnson as he first walked and then ran away from the crime scene.

3. The accuracy of the witness's prior description.
¶ 10. The record indicates that York gave a detailed description of Johnson that was largely accurate. The description included an accurate description of his clothing, even though Johnson had apparently removed the dark shirt after the robbery, because the police were able to locate the abandoned shirt in the shed where Johnson was found hiding.

4. The level of certainty.
¶ 11. York was, insofar as the record reveals, unequivocal in his ability to identify Johnson on four separate occasions. York immediately identified Johnson at the show-up shortly after the crime. Two days after the robbery, York went to give an affidavit regarding the robbery. While waiting in the courtroom, York immediately identified Johnson although Johnson was clustered among a number of individuals in the courtroom. On October 29, a week after the robbery, York identified Johnson from a photographic lineup. Finally, York identified Johnson in court. York evidenced no hesitancy during or after any of these identifications. At each identification, York was positive that Johnson was the man who robbed him on October 22.

5. The length of time between the crime and the confrontation.
¶ 12. According to the record, about thirty minutes passed between the time of the robbery and York's identification of Johnson as the robber.
¶ 13. These five factors all weigh in favor of the admissibility of the show-up identification despite its facially suggestive nature. Each factor under the Biggers' analysis has been sufficiently met. The record presents credible evidence supporting the trial court's ruling that the show-up was sufficiently reliable. The trial court did not err in denying Johnson's motion to suppress the out-of-court identifications or in allowing the in-court identification.
$14. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.